Donald J. Middleman v. Commissioner.
Middleman v. Commissioner
Docket No. 749-69 SC
United States Tax Court
T.C. Memo 1970-118; 1970 Tax Ct. Memo LEXIS 240; 29 T.C.M. (CCH) 516; T.C.M. (RIA) 70118; May 19, 1970, Filed Donald J. Middleman, pro se, 320 E. Gowex Ave., Philadelphia, Pa.,Howard W. Gordon, for the respondent. WITHEY
Memorandum Findings of Fact and Opinion WITHEY, Judge: The Commissioner has determined a deficiency in the income tax of petitioner for the taxable year 1966 in the amount of $894.81. The issues to be decided are: (1) whether respondent has erred in disallowing a dependency exemption for each of two minor sons of petitioner; (2) whether petitioner is entitled to compute his taxable income as the head of a household; and (3) whether petitioner is entitled to a deduction of certain attorney fees alleged to have been expended for the preservation of his property. Findings of Fact All of the facts which have been agreed upon by stipulation are found accordingly. Donald J. Middleman, the petitioner, is an individual taxpayer whose residence at the time of filing the petition was in Philadelphia, Pennsylvania. His return for the taxable year ended December 31, 1966, was filed *242 with the district direcotr of internal revenue at Philadelphia, Pennsylvania. Petitioner and his former wife, Ruth R. Middleman, first separated in 1965. They had two children, Karl who was 13 years old in November of 1966, and Philip who was 11 years old in May of 1966. The two children went with their mother upon separation of the parties in 1965 and remained in her custody throughout 1966 while the petitioner retained visitation rights. His visitation rights were limited to two days every other weekend, Friday night to Sunday night, and a dinner visitation once a week. Formalization of the custody arrangement was acknowledged in an agreement between Ruth and the petitioner dated July 29, 1966, and incorporated into a court order dated August 1, 1966, which is still in full force and effect. Petitioner and his wife were divorced on December 5, 1966, and Ruth was awarded custody of their two children, Karl and Philip. Petitioner was not married at the close of the tax year 1966, nor was he a surviving spouse. Between January 1, 1966, and June 3, 1966, the petitioner made support payments totaling $939.73 to his wife for his two sons. For the period June 3, 1966, to December *243 1966, the petitioner, pursuant to a temporary order dated June 3, 1966, paid his wife $1,345 for the support of his two sons. Petitioner's former wife had income in the taxable year 1966 of $11,000. She received $33,000 from the petitioner in accordance with a pre-divorce property settlement agreement between the parties dated July 29, 1966. The total expenses for the support of the two minor sons during 1966 was $4,865.53 for Karl and $4,646.55 for Philip. During 1965 and 1966, the petitioner was the defendant in the following actions: (a) Ruth R. Middleman v. Donald J. Middleman, Esther W. Middleman, The Philadelphia Saving Fund Society, Fidelity-Philadelphia Trust Company, Court of Common Pleas No. 6, June Term 1965, No. 4875. (b) Ruth R. Middleman v. Donald J. Middleman, Superior Court of Pennsylvania, October Term 1965, No. 281, which was an appeal from an order of the County Court of Philadelphia in the case referred to in (c) below. (c) Ruth R. Middleman v. Donald J. Middleman, County Court of Philadelphia, Domestic Relations, No. 247622, August Term 1965, No. 3304. The action referred to in paragraph (a) above was brought by Ruth against the petitioner to prevent *244 him from transferring his assets in defeat of her claims. This action involved an accounting for rents, petitioner's joint bank account with his mother, and other joint bank accounts and property. The action referred to in paragraph (b) above was the petitioner's appeal of a decision of the County Court of Philadelphia, Domestic Relations, relating to the removal of personal property from the petitioner's home. The action referred to in paragraph (c) above dealt with, among other things, custody and support of the two minor sons. Petitioner paid attorney fees for services rendered in the above actions totaling $2,501.84 during 1966, the amount thereof not being allocated between those actions. 518 Ultimate Findings Petitioner contributed support in 1966 in the amount of $1,142.37 to Karl and $1,142.36 to Philip. Total support for Karl during that year was $4,865.53 and for Philip was $4,646.55. Petitioner did not provide over half the support of either of his two sons during 1966. Ruth had custody of her two sons and they lived with her the entire 1966 tax year. Petitioner did not have custody of his two sons and they did not live with him the entire year. His home *245 was not the principal place of abode for the two sons during 1966. Petitioner's legal expenses had their origin in and were related to the severance of his marital relationship. Opinion The record herein clearly indicates that one-half the total cost of support of the minor children of petitioner during 1966 far exceeded the contribution during that year on the part of petitioner. The burden of proof to the contrary is upon petitioner and he has completely failed to sustain that burden. See sections 151(e)(1)(B) and (e) (3) [1] and 152(a)(1), [2]I.R.C. 1954, and section 1.152-1(a)(2)(i), Income Tax Regs., thereunder. We therefore hold that petitioner is not entitled to a dependency exemption for either of his sons for 1966. *246 The stipulation of facts establishes that petitioner's two sons resided in the home of their mother, petitioner's divorced wife, for the entire year of 1966 with the exception of every other weekend and a dinner once a week. Section 1(b)(2)(A)(i), [3] I.R.C. 1954, is controlling of the question whether, using his sons as dependents, he is entitled to compute his income tax as the head of a household. The quoted statutory provision is explicit and mandatory that "if, and only if," petitioner "maintains as his home a household which constitutes for" the year at issue, "the principal place of abode, as a member of such household," of "a son," he is entitled to so compute his tax. The agreed facts show that the sons' principal place of abode throughout 1966 was the home of their mother and it necessarily follows that decision on this issue must be in favor of the respondent. *247 Petitioner seeks to deduct a total of $2,501.84 as attorney fee expense paid by him during 1966. His contention is that because the three legal actions set forth in our findings are separate and distinct from a suit for divorce instituted by his former wife, and because at least two of such actions related to his possession of property, the attorney fees are properly to be treated as deductible under section 212(1) and (2), [4]I.R.C. 1954. There is no real dispute between the parties concerning the actual payment of the attorney fees in the amount sought to be deducted. The respondent has treated such fees as having been paid as legal expenses incident to a divorce or separation and therefore nondeductible as personal living expense under section 262, [5] I.R.C. 1954, 519 and section 1.262-1(b)(7), [6] Income Tax Regs. *248 In this circumstance, it is incumbent upon petitioner to show by a preponderance of the evidence what was the nature of the legal actions giving rise to the involved attorney fees; whether such actions were unrelated to divorce or separation; and whether the property concerning which such actions were brought was *249 "held for production of income." The only evidence before us concerning the nature of the property is scanty and general. It appears petitioner had several bank accounts held jointly with others than his former wife. The nature of such accounts is not disclosed by the record. It appears petitioner owned an interest in a wax museum of undisclosed amount. Whether the wax museum was a hobby of petitioner or an income-producing business is also not disclosed. Assuming, arguendo, that certain of such property was income-producing, the record does not disclose what portion, if any, of the attorney fees was paid for services rendered in the management, conservation, or maintenance thereof. We have found as a fact that the attorney fees were paid in actions involving the ultimate severance of petitioner's marital relationship. This is dispository of this issue under the cited regulation and the respondent's position with respect thereto is sustained. We have considered petitioner's constitutional contentions and find them to be of such nature that any discussion of them is unwarranted. Decision will be entered for the respondent. Footnotes
1. SEC. 151(e)(1)(B) who is a child of the taxpayer and who (i) has not attained the age of 19 at the close of the calendar year in which the taxable year of the taxpayer begins, or (ii) is a student. * * * (3) Child Defined. - For purposes of paragraph (1)(B), the term "child" means an individual who (within the meaning of section 152) is a son * * * ↩
2. SEC. 152. DEPENDENT DEFINED. (a) General Definition. - For purposes of this subtitle, the term "dependent" means any of the following individuals over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer * * * (1) A son or daughter of the taxpayer * * *↩
3. SEC. 1(b)(2) Definition of Head of Household. - For purposes of this subtitle, an individual shall be considered a head of household if, and only if, such individual is not married at the close of his taxable year, is not a surviving spouse (as defined in section 2(b)), and either - (A) maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of - (i) a son * * * * * * For purposes of this paragraph and of section 2(b)(1)(B), an individual shall be considered as maintaining a household only if over half of the cost of maintaining the household during the taxable year is furnished by such individual.↩
4. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - (1) for the production or collection of income; (2) for the management, conservation, or maintenance of property held for the production of income * * *↩
5. SEC. 262. PERSONAL, LIVING, AND FAMILY EXPENSES. Except as otherwise expressly provided in this chapter, no deduction shall be allowed for personal, living, or family expenses. ↩
6. Income Tax Regs. Sec. 1.262-1(b) Examples of personal, living, and family expenses. Personal, living, and family expenses are illustrated in the following examples: * * * (7) Generally, attorney's fees and other costs paid in connection with a divorce, separation, or decree for support are not deductible by either the husband or the wife. However, the part of an attorney's fee and the part of the other costs paid in connection with a divorce, legal separation, written separation agreement, or a decree for support, which are properly attributable to the production or collection of amounts includible in gross income under section 71 are deductible by the wife under section 212.↩